FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CIVIL DIVISION

2019 JAN -8 AM 10: 16

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

STANLEY J. WEAVER, Sr. )
                Plaintiff, )
                 )
-vs- )
                 )    CIVIL ACTION NO. 8:19-cv-00049-T-17JSS
CITY OF TAMPA, FLORIDA )
              Defendant. )
                )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

Plaintiff pro se, STANLEY J. WEAVER, Sr., (hereinafter "Plaintiff"), files this action against Defendant, CITY OF TAMPA, FLORIDA, (hereinafter "Defendant") and alleges as follows:

### PRELIMINARY STATEMENT AND DEMAND FOR JURY TRIAL

1. This is an action demanding a jury trial for discrimination in employment pursuant to Title I of the Americans with Disabilities Act of 1990, as amended (ADA), 42 U.S.C. § 12111, et seq; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and their implementing regulations, 28 C.F.R. Parts 35 and 42.

### JURISDICTION AND VENUE

2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No 102-166, and any related claims under Florida or Federal law.

Page 1 of 4

$400.00
TPA054788

3. The alleged unlawful employment practices were committed by the Defendant within and arose primarily in this District, which is also the principle place of employment of Plaintiff by Defendant. Accordingly, venue properly lies within this District pursuant to 28 U.S.C. §1391.

4. Plaintiff made a charge of discrimination against Defendant with the Equal Employment Opportunity Commission and received a right to sue letter from the Commission on or about October 10, 2018.[1]

### PARTIES

5. Plaintiff, STANLEY WEAVER, currently resides and receives his mail at 4412 Cobia Drive, Tampa, Florida 33597.

6. Defendant, CITY OF TAMPA, is a Florida municipal government agency and at all times relevant hereto has met the requisite criteria necessary to invoke the jurisdiction of this Court under the relevant statues and laws set forth herein.

### STATEMENT OF CLAIM AND FACTUAL ALLEGATIONS

7. Plaintiff began his employment with Defendant in 1991, and most recently work as an Automated Collection Driver within Defendant's Department of Solid Waste. Throughout his nearly 23 year tenure with Defendant, Plaintiff consistently received satisfactory performance evaluations and was well liked by his coworkers and supervisors.

8. On or about September 2, 2013, while cleaning the dumpster area of his truck, Plaintiff sustained a severe work-related tear to his right rotator cuff and subsequently underwent surgery. Following surgery, he took an approved extended workers' compensation leave of absence while he recovered.

---

[1] See ATTACHMENT A (NOTICE OF RIGHT TO SUE)

9. Based on his work-related right shoulder injury, Plaintiff's doctors identified a number of restrictions that impaired his ability to return to work in his position as an Automated Collection Driver without some accommodation. Those restrictions limited Plaintiff to lifting no more than 10 pounds and placed limitations on climbing and pulling. Those restrictions also prohibited him from rolling out 2, 3, 4, 6 and 8 yard dumpsters, opening heavy gates, climbing and cleaning out the back of the truck, climbing on top of the truck to clean or remove any debris from the top, and moving heavy objects in front of the gate or dumpster.

10. When Plaintiff returned to work in August 2014, he notified Defendant of his disabling impairment and asked that he be provided reasonable accommodations that would allow him to continue working in his current position or transition to one of several alternative vacant positions that he could perform within his prescribed restrictions. He repeated those requests again in December 2014.

11. Plaintiff also applied for a vacant Code Enforcement position for which he qualified and met with Defendant's officials to discuss possible accommodations. However, Defendant refused to make any effort to accommodate Plaintiff's disability and told Plaintiff it had "nothing available" and that he should decide whether to "retire, resign or be terminated."

12. Defendant could have accommodated Plaintiff with roll outs, opening of some gates, and cleaning of the truck. Defendant could have also placed Plaintiff in a vacant position for which he was qualified. However, Defendant provided no explanation as to why any of the available alternative accommodations identified by and available to Plaintiff could not serve as accommodations or would impose an undue burden upon Defendant. Nor did Defendant make any effort to investigate any other possible alternatives to accommodate Plaintiff's disability, but

instead hired two lesser qualified persons for the Code Enforcement position for which Plaintiff had applied.

13. On or about December 26, 2014, following discussions with Defendant regarding his efforts to redress his discriminatory treatment outside his employment Plaintiff was terminated by Defendant.

14. Defendant continues to commit acts of disability discrimination and retaliation against Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request this Court to grant him such relief as may be appropriate, including reinstatement, injunctive orders, monetary damages, costs and where applicable attorney's fees.

Dated: JANUARY 7, 2019

_____
STANLEY J. WEAVER, Sr.
Plaintiff Pro Se
4412 Cobia Drive
Tampa, FL 33617
Telephone: (813) 956-2173

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was served by first class mail on the Defendant, CITY OF TAMPA, FLORIDA, RISK MANAGEMENT, 306 E. JACKSON STREET, 3E, TAMPA, FLORIDA this 7th day of January 2019.

_____
STANLEY J. WEAVER, Sr.
Plaintiff Pro Se
4412 Cobia Drive
Tampa, FL 33617
Telephone: (813) 956-2173