UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY J. WEAVER, SR.,

    Plaintiff,
v.                                                                Case No: 8:19-cv-49-TPB-JSS

CITY OF TAMPA,
FLORIDA,

    Defendant.
_____/

## ORDER DISMISSING OR GRANTING SUMMARY JUDGMENT FOR DEFENDANT ON ALL CLAIMS

This matter is before the Court on "Defendant's Motion for Summary Judgment" filed on September 30, 2020. (Doc. 57). Plaintiff filed a response in opposition on October 14, 2020. (Doc. 70). The Court held a hearing on Defendant's motion on December 9, 2020. On January 27, 2021, Defendant filed a motion for reconsideration, and on January 29, 2021, filed an amended motion for reconsideration. (Docs. 91; 92). On March 1, 2021, Plaintiff filed a response in opposition to the amended motion for reconsideration. (Doc. 95).[1] Based on the motions, responses, arguments, court file, and record, the Court finds as follows:

---

[1] Following the summary judgment hearing, Defendant presented additional argument and evidence in its motion for reconsideration. As the Court had not at that point ruled adversely to Defendant, there was nothing to reconsider. The Court has therefore denied the motion for reconsideration by separate Order but has considered the motion and Plaintiff's response as supplemental summary judgment memoranda.

## Background

Plaintiff, Stanley J. Weaver, Sr., worked for Defendant, City of Tampa, Florida, in the Department of Solid Waste as an Automated Collection Driver. On September 19, 2013, Plaintiff tore his rotator cuff while cleaning his truck. Following surgery, Plaintiff returned to work with restrictions. Defendant allowed him six months of light duty, followed by workers' compensation leave. Defendant advised Plaintiff that by the end of the leave period, he would be required to return to work performing his full duties, obtain another position with Defendant, resign, or retire, failing which he would be terminated.

In August 2014, Plaintiff requested that Defendant allow him to return to his position with accommodations or transition to a position he could perform despite the restrictions on his activity. Defendant rejected these requests but identified for Plaintiff a possible position he could apply for as a Solid Waste Code Enforcement Officer. Plaintiff applied for the position, but Defendant selected two applicants instead of Plaintiff: Krystal Carrasco and Ismael Gonzalez. Gonzalez was selected for a second Code Enforcement position that became available after Plaintiff submitted his application. Defendant informed Plaintiff that he had not been selected for the Code Enforcement position, nor for a customer service position he had applied for earlier. On December 26, 2014, Plaintiff retired.[2]

---

[2] While Plaintiff's papers refer to Plaintiff as having been fired or terminated, he testified in his deposition that he retired in order to avoid being terminated. The distinction is not relevant to the issues addressed in this Order.

Beginning on December 14, 2015, Plaintiff filed administrative charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations. The Department of Justice issued to Plaintiff a "Notice of Right to Sue Within 90 Days" on October 10, 2018. Plaintiff filed suit on January 8, 2019. As amended, his complaint contained counts for race discrimination, age discrimination, retaliation, denial of reasonable accommodation, emotional distress, and breach of contract. Plaintiff voluntarily dismissed four of these counts, leaving his pending claims for retaliation under the Americans with Disabilities Act ("ADA") and Rehabilitation Act (Count Three), and for failure to accommodate under the Rehabilitation Act (Count Four). Defendant has moved for summary judgment.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of

genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Where, as here with respect to Defendant's limitation defense, the moving party will bear the burden of proof on an issue at trial, demonstrating the absence of a genuine issue of material fact requires the submission of credible evidence that, if not controverted at trial, would entitle the moving party to a directed verdict. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Only if the moving party meets that burden is the non-moving party required to produce evidence in opposition. *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). Summary judgment should be denied unless, on the record evidence presented, a reasonable jury could not return a verdict for the non-moving party. *Id.*; *see also Fitzpatrick*, 2 F.3d at 1115-16.

## Analysis

For the reasons set forth below, most of Plaintiff's claims are barred due to Plaintiff's failure to file a timely administrative charge and failure to file suit within the time allowed by the statute of limitations. Plaintiff's claims with respect to the hiring of Gonzalez rather than Plaintiff for the second Code Enforcement position fail because Plaintiff has presented no evidence that Defendant's actions constituted disability discrimination or retaliation for protected conduct.

*Plaintiff's Procedural Arguments*

Plaintiff argues that Defendant's concession of the Court's jurisdiction in its answer precludes Defendant from raising its administrative exhaustion argument. Exhaustion, however, is not jurisdictional but more akin to a statute of limitation defense. *See, e.g., Stewart v. Jones Util. & Contracting Co.*, 806 F. App'x 738, 740 (11th Cir. 2020) (citing *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1846, 1849, 1851 (2019)). Defendant also was not required to assert these defenses in the administrative proceedings. *See, e.g., Piper v. U.S. West Commc'ns*, Nos. 94-2090, 94-2116, 48 F.3d 1232 (Table), 1995 WL 107361, at *1 (10th Cir. Mar. 14, 1995) (unpublished); *Liles v. N.Y. City Dep't of Educ.*, 516 F. Supp. 2d 297, 314 n.19 (S.D.N.Y. 2007); *Cook v. Union Camp Corp.*, No. CIV.A.1:95CV140-S-D, 1996 WL 407549, at *2 (N.D. Miss. Apr. 4, 1996).

Plaintiff argues that Defendant failed to raise untimeliness as an affirmative defense in its answer. Defendant's answer denied Plaintiff's allegation that he had complied with administrative conditions precedent and pled exhaustion and statute of limitations defenses. It is true that these defenses specifically referenced Plaintiff's now-dismissed race and age discrimination claims, rather than the remaining claims under the ADA and Rehabilitation Act. Plaintiff, however, has not argued any prejudice from this pleading deficiency and the parties have included these defenses as issues in their Joint Pretrial Statement. Defendant therefore is not precluded from asserting these defenses as grounds for summary judgment or dismissal. *See, e.g., Grant v. Preferred Research, Inc.*, 885 F.2d 795,

798 (11th Cir. 1989) ("[P]laintiff does not assert any prejudice from the lateness of the pleading. Under these circumstances, the district court correctly addressed the statute of limitations issue on the merits.").

### *Failure to Exhaust Administrative Remedies and Statute of Limitations*

For Plaintiff's claims under the ADA, he was required to file an administrative charge within 300 days of the discriminatory act. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339-40 (11th Cir. 2017); *Zwick v. Univ. of S. Fla. Bd. Of Trustees*, No. 8:18-cv-1575-T-23AAS, 2020 WL 8996830, at *4 (M.D. Fla. Apr. 6, 2020).[3] For Plaintiff's claims under the Rehabilitation Act, he was required to file suit within four years of the discriminatory act. *See Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 841 (11th Cir. 2017) (borrowing statute of limitations for Rehabilitation Act claims from Florida's four-year statute of limitations for personal injuries). The applicable time period in either case runs from the date when the operative discriminatory or retaliatory decision occurs and the plaintiff has been informed of it. *Chardon v. Fernandez*, 454 U.S. 6, 6-7 (1981); *Del. State College v. Ricks*, 449 U.S. 250, 259 (1980).

---

[3] The amended complaint references both Title I and Title II of the ADA, but Plaintiff's summary judgment response and the parties' Joint Pretrial Statement limit Plaintiff's ADA claims to Title I. Were Plaintiff asserting claims under Title II, exhaustion of administrative remedies would not be required for those claims, but they would be subject to the same four-year limitations period applicable to Plaintiff's Rehabilitation Act claims. *See Bledsoe v. Palm Beach Cty. Soil & Water Conservation Dist.*, 133 F.3d 816, 824 & n.7 (11th Cir. 1998) (noting that exhaustion of administrative remedies is not required under Title II of the ADA); *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984) (holding that the statute of limitations is not tolled by the filing of an administrative proceeding when exhaustion is not required).

With one exception discussed below, all the relevant events had taken place by December 26, 2014, which is more than 300 days before Plaintiff filed the first of his administrative charges, and more than four years before he filed suit. These included: (1) Defendant's rejection of Plaintiff's request to return to work with or without accommodation, (2) Defendant's rejection of Plaintiff's request for assignment to other positions or duties, (3) Defendant's decision not to hire Plaintiff for the Code Enforcement position filled by Carrasco, (4) Defendant's notification to Plaintiff that he was not selected for the Code Enforcement position, and (5) Plaintiff's December 26, 2014, retirement as a result of the foregoing events. Accordingly, Plaintiff's claims under the ADA and Rehabilitation Act for discrimination and retaliation based on these actions and events are time-barred.[4]

That leaves only Plaintiff's claims relating to the hiring of Ismael Gonzalez rather than Plaintiff for the second Code Enforcement position. Gonzalez started work in March of 2015, but Defendant argues that the decision to hire him was made on November 17, 2014, when the appointing supervisor selected Carrasco to fill the first position and Gonzalez to fill the second position. Since that is more than 300 days before Plaintiff filed his first administrative charge and more than four years before he filed suit, Defendant argues, Plaintiff's claims relating to the second position are time-barred. The Court concludes, however, that the record

---

[4] Where a plaintiff has failed to exhaust administrative remedies, the appropriate result is dismissal rather than summary judgment. *Bryant v. Rich*, 530 F.3d 1368, 1374-76 (11th Cir. 2008). Accordingly, Plaintiff's ADA claims in Count Three for which he failed to timely file an administrative charge will be dismissed and summary judgment will be entered on remaining claims.

presents genuine issues of material fact as to when the decision to hire Gonzalez rather than Plaintiff became final and when Plaintiff was notified of this decision. The Court therefore declines to grant summary judgment on this ground and turns now to the merits of Plaintiff's claims based on Defendant's failure to hire him for the second Code Enforcement position.

### *The Merits of Plaintiff's Claims*

<u>Failure to Accommodate</u>

Rehabilitation Act claims are analyzed under the same standards applicable in ADA cases. *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000). To establish a prima facie case of discrimination, Plaintiff must show: (1) that he has a disability; (2) that he is a "qualified individual" such that he could perform the essential functions of his position with or without accommodation; and (3) that he was discriminated against because of his disability. *Id.*; *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016); *Berard v. Wal-Mart Stores E., L.P.*, 8:10-cv-2221-T-26MAP, 2011 WL 4632062, at *2 (M.D. Fla. Oct. 4, 2011). Disability discrimination includes failing to provide the employee with a reasonable accommodation. *See Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1261-62 (11th Cir. 2007); *Toliver v. City of Jacksonville*, 3:15-cv-1010-J-34JRK, 2017 WL 1196637, at *5 (M.D. Fla. Mar. 31, 2017).

To prevail on an accommodation claim, the employee bears the burden of showing that he requested a specific accommodation and of demonstrating that the request was reasonable. *Frazier-White*, 818 F.3d at 1255-56. If the employee meets

this burden, the employer bears the burden of demonstrating that the accommodation would constitute an undue hardship. *Id.*

Reassignment of an employee to a vacant position *may* in some cases be reasonable, but it depends on the circumstances. *See United States Equal Employment Opportunity Comm'n v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1345 (11th Cir. 2016). In particular, an employer's showing that a requested reassignment would conflict with its policy of hiring the best qualified applicant for a vacant position "warrants summary judgment for the employer – unless there is more," that is, unless the plaintiff demonstrates special circumstances that would make an exception to the general rule reasonable. *Id.* at 1345-46 (quoting *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 406 (2002)).

In this case, the governing civil service law, Chapter 24927, Laws of Florida (1947), as amended, requires the City to hire persons drawn from a list of eligible applicants who are determined to be the "most qualified." Defendant's collective bargaining agreement with the transit union local similarly provides for a merit-based system for promotions. Reassignment of Plaintiff to the open Code Enforcement position without application and competition would violate these rules. To avoid summary judgment, therefore, Plaintiff must demonstrate that special circumstances justify an exception. Plaintiff has not met this burden. He simply argues without elaboration or evidence that, given his excellent employment record and work ethic, Defendant could have and should have simply "reassign[ed]" Plaintiff to the new position under its existing rules. Accordingly, summary

judgment is due to be granted on Plaintiff's Rehabilitation Act accommodation claim as to the hiring of Gonzalez rather than Plaintiff.

Retaliation

Plaintiff also alleges that Defendant failed to hire him for the Code Enforcement position in retaliation for complaints about disability discrimination or for seeking an accommodation. In the absence of direct evidence of retaliation, disability retaliation claims under the ADA and Rehabilitation Act are evaluated using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Batson v. Salvation Army*, 897 F.3d 1320, 1328-29 (11th Cir. 2018) (ADA); *Burgos-Stefanelli v. Sec'y, U.S. Dept. of Homeland Sec.*, 410 F. App'x 243, 245-46 (11th Cir. 2011) (Rehabilitation Act).

To avoid summary judgment, the plaintiff must present evidence to establish a prima facie case of retaliation. *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). To do that, the plaintiff may show that: (1) he engaged in statutorily protected expression; (2) he suffered a materially adverse employment action; and (3) there was some causal relationship between the two events. *Burgos-Stefanelli*, 410 F. App'x at 246.

If the plaintiff establishes a prima facie case, the burden shifts to the defendant to offer a non-retaliatory reason for its action. *Id.* at 247. The defendant's burden to provide a legitimate reason for its actions is "a low bar to hurdle." *Flowers v. Troup Cty., Ga., Sch. Dist.*, 803 F.3d 1327, 1336 (11th Cir. 2015). The defendant "'need not persuade the court that its proffered reasons are

legitimate' as its burden is 'merely one of production, not proof.'" *Burgos-Stefanelli*, 410 F. App'x at 247 (quoting *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc)).

If the defendant meets that burden, then the plaintiff must present evidence that the proffered reason is pretextual. *Wascura*, 257 F.3d at 1242. A reason is pretextual only if it is false and the true reason for the decision was retaliation. *Burgos-Stefanelli*, 410 F. App'x at 247. Evidence of pretext must be enough to "'allow a reasonable finder of fact to conclude that the [employer's] articulated reasons were not believable.'" *Callahan v. City of Jacksonville, Fla.*, 805 F. App'x 749, 753 (11th Cir. 2020) (quoting *Brooks v. Cty. Comm'n of Jefferson Cty.*, 446 F.3d 1160, 1163 (11th Cir. 2006)). The plaintiff must "demonstrate 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1275 (11th Cir. 2008) (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)).

"The inquiry into pretext is concerned with the employer's beliefs, not the employee's perceptions of his performance." *Cusick v. Yellowbook, Inc.*, 607 F. App'x 953, 955 (11th Cir. 2015). The Court is not a "'super-personnel department that reexamines an entity's business decisions.'" *Id.* (quoting *Alphin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1501 (11th Cir. 1991)). A plaintiff cannot succeed by quarreling with the wisdom of the employer's decision or by showing the decision

was based on erroneous facts. *Burgos-Stefanelli*, 410 F. App'x at 247; *Thatcher v. Dep't of Veterans Affairs*, No. 8:17-cv-3062-T-AEP, 2020 WL 2838849, at *16 (M.D. Fla. June 1, 2020).

The Court assumes for the sake of argument that Plaintiff can establish a prima facie case. Defendant, however, has offered a non-discriminatory reason for the hiring of Gonzalez rather than Plaintiff – Defendant viewed Gonzalez as the more qualified applicant. Plaintiff has failed to offer any evidence that this reason was pretextual. Plaintiff argues he was qualified, had an excellent performance record and work ethic, and "could have just as easily been promoted" to the position as Gonzalez. But Plaintiff cannot demonstrate pretext based on his qualifications unless he shows that no reasonable person could have made the hiring decision Defendant did. *See, e.g., Brooks*, 446 F.3d at 1163. Plaintiff has not done that.

Plaintiff points to evidence that Solid Waste Department Director Mark Wilfalk more than once said that Plaintiff "would be great to work with if he wasn't such a 'butthole.'" Plaintiff argues that such comments reflect the "truer" reason for Defendant's refusal to "transition" Plaintiff to one of the Code Enforcement positions. But Plaintiff provides no evidence that these remarks related to Plaintiff's complaints of disability discrimination. An employer's staffing decision based on a personality conflict or personal dislike for an employee may be unfair to the employee, but that does not make it actionable retaliation. *See, e.g., Neal v. T-Mobile, USA, Inc.*, 700 F. App'x 888, 890 (11th Cir. 2017) ("An 'employer may fire an employee for a good, reason, a bad reason, a reason based on erroneous facts, or for

no reason at all, as long as its action is not for a [retaliatory] reason.'") (quoting *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984)).  Nor do the reported remarks tend to show that Defendant's stated reason for its actions – that it followed existing, disability-neutral policies and judged Gonzalez to be the better applicant – were unworthy of credence.  The Court concludes that summary judgment is due to be granted on Plaintiff's retaliation claim arising from the hiring of Gonzalez rather than Plaintiff.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion for Summary Judgment" (Doc. 57), deemed to be a motion to dismiss for failure to exhaust administrative remedies and a motion for summary judgment, is **GRANTED**.

(2) The Clerk is directed to enter judgment stating: "This action was resolved on a motion to dismiss and for summary judgment.  It is ordered that Plaintiff Stanley J. Weaver, Sr., recover nothing on his claims against Defendant City of Tampa, Florida.  Judgment is entered in favor of Defendant City of Tampa, Florida, and against Plaintiff Stanley J. Weaver, Sr., on all claims in Count Three of the amended complaint that are based on the Rehabilitation Act or that are based on Defendant's failure to hire Plaintiff for the second Code Enforcement position.  The remaining claims in Count Three, based on the Americans with Disabilities Act, are dismissed with prejudice.

Judgment is entered in favor of Defendant City of Tampa, Florida, and against Plaintiff Stanley J. Weaver, Sr., on all claims in Count Four of the amended complaint."

(3) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of June, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**